IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLAMETTE RIVERKEEPER and CONSERVATION ANGLER,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS and AARON DORF,<br><br>Defendants. | Case No. 6:17-cv-00801-MC<br><br>**OPINION AND ORDER** |

**MCSHANE, Judge**:

Plaintiffs, Willamette Riverkeeper and Conservation Angler, bring this action against the U.S. Army Corps of Engineers and Aaron Dorf for alleged violations of Sections 7 and 9 of the Endangered Species Act. On December 4, 2017, Plaintiffs moved for an order allowing discovery beyond the administrative record. Defendants subsequently filed a cross-motion to prevent extra-record discovery. The motions are now before this Court. Because Plaintiffs' action is pursuant to the citizen-suit provision of the Endangered Species Act, the Court's review is not confined to the administrative record and limited discovery is appropriate. Plaintiffs' motion is therefore GRANTED. Defendants' motion is DENIED.

## BACKGROUND

Defendants operate fish hatcheries in Oregon's Willamette River basin. Am. Compl. ¶ 38. These hatcheries release non-native summer steelhead and rainbow trout into the basin. Am.

1 – OPINION AND ORDER

Compl. ¶¶ 33, 36. In 2008, after concluding that operation of the hatcheries "may affect" endangered winter steelhead trout and spring Chinook salmon, the Corps properly initiated a formal consultation with the National Marine Fisheries Service ("NMFS") and obtained a Biological Opinion. Am. Compl. ¶ 38. Plaintiffs now contend that Defendants have violated the Endangered Species Act ("ESA") by failing to reinitiate consultation with NMFS and by causing "take" of endangered winter steelhead trout and spring Chinook salmon. Am. Compl. ¶¶ 47-49.

The parties agree that the case will be resolved on cross-motions for summary judgment, but disagree as to the record on which that decision should be based.[1] Parties' Rule 16 Conference Report 3. At issue is whether actions pursuant to the ESA's citizen-suit provision are governed by the limited scope of review contained in Section 706 of the Administrative Procedure Act ("APA") or are amenable to the default rules of open discovery. Plaintiffs, citing a string a Ninth Circuit and lower court precedent, argue that the APA is inapplicable to private ESA lawsuits and that the Court should allow discovery beyond the administrative record. Pls.' Mot. Re: Discovery 4-6. Defendants point to the established use of other APA provisions in ESA citizen suits, such as the "arbitrary and capricious" standard of review, and argue that foundational principles of administrative law make extra-record discovery unavailable. Defs.' Resp. 2-10. Because the Ninth Circuit has expressly rejected application of the APA's scope of review provision to ESA citizen suits, Plaintiffs' motion is GRANTED.

---

[1] The parties also agree that the action is governed by the APA's "arbitrary and capricious" standard of review. Pls.' Motion Re: Discovery 4 n.3; Defs.' Resp. 4. Under the APA, a reviewing court must "set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. As explained by the Ninth Circuit, "[b]ecause ESA contains no internal standard of review, section 706 of the Administrative Procedure Act, 5 U.S.C. § 706, governs review of the [federal agency's] actions and the normal arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law standard applies." *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 496 (9th Cir. 2011) (internal quotation marks and citation omitted).

2 – OPINION AND ORDER

**DISCUSSION**

Defendants contend that Plaintiffs' ESA claims are subject to the APA's discovery restrictions. The APA provides a right to judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Under the APA, judicial review of agency action is limited to "the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party."). Although the Ninth Circuit has recognized four "narrow exceptions" to the APA's general prohibition on extra-record discovery, the statute creates a strong presumption against supplementing an administrative record. *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

The Court agrees with Plaintiffs that the APA does not govern suits arising under the citizen-suit provision of the ESA. In *Washington Toxics Coalition v. EPA*, 413 F.3d 1024 (9th Cir. 2005), plaintiffs brought a citizen suit alleging failure to consult under Section 7 of the ESA. As here, defendants argued that the case was "governed by the [APA's] principles of judicial review" and that courts are limited to "reviewing the administrative record pursuant to a cause of action established by the APA." 413 F.3d at 1029. The Ninth Circuit rejected this argument, explaining that "the ESA citizen suit provision creates an express, adequate remedy." *Id.* at 1034; *cf.* 5 U.S.C. § 704 (providing judicial review for "final agency action for which there is no other adequate remedy in a court"). The court concluded that, because the ESA "independently authorizes a private right of action, the APA does not govern [citizen-suit claims]." *Id.*

Any confusion about the significance of *Washington Toxics* with respect to the issue of extra-record discovery was dispelled in *Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472 (9th Cir. 2011). In *Kraayenbrink*, plaintiffs brought a failure to consult action pursuant to

the ESA citizen-suit provision. 632 F.3d at 476. Defendants again contended that courts "may not look to extra-record material in conducting a review under the ESA." 632 F.3d at 497. The Ninth Circuit, this time citing *Washington Toxics*, repeated its position that "the APA applies only where there is no other adequate remedy in a court." *Id.* (citation and quotation marks omitted). Since the "ESA provides a citizen suit remedy," it reiterated, "the APA does not apply in such actions." *Id.* The court then went one step further, plainly spelling out that, "under *Washington Toxics Coalition*[,] we may consider evidence outside of the administrative record for the limited purposes of reviewing [citizen-suit] ESA claim[s]." *Id.* (citation omitted).

The Court is bound by the holdings in *Washington Toxics* and *Kraayenbrink*. Defendants' argument that *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006 (9th Cir. 2012) (en banc) abrogated both cases is unavailing. Defs.' Resp. 9-10. In *Karuk Tribe*, another failure to consult case, the Ninth Circuit offered the unremarkable observation that its review was "based on upon . . . the administrative record." 681 F.3d at 1017. That statement, far from "plainly" abrogating the holdings in *Washington Toxics* and *Kraayenbrink*, was unceremoniously buried in the opinion's "Standard of Review" section and is descriptive, not prescriptive. *Id.* Subsequent portions of the opinion neither cite nor discuss either case and, as other district courts have convincingly argued, did not "silently overrule[ ]" their clear holdings. *Yurok Tribe v. U.S. Bureau of Reclamation*, 231 F. Supp. 3d 405, 468-69 (N.D. Cal. 2017); *see also Northwest Coal. for Alternatives to Pesticides v. EPA*, 920 F. Supp. 2d 1168, 1174 (W.D. Wash. 2013); *Ellis v. Housenger*, No. C-13-1266-MMC, 2015 WL 360079, at *3 (N.D. Cal. June 12, 2015). It is therefore appropriate for the parties to supplement the administrative record with materials which are relevant to the Court's "arbitrary and capricious" review.[2]

---

[2] Defendants selectively cite three intra-district cases finding that ESA citizen-suit claims are governed by the APA's scope of review provision. *See Pac. Rivers Council v. Shepard*, No. 03:11-cv-442-HU, 2012 WL 950032, at

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Discovery is GRANTED. Defendants' Cross-Motion to Limit Review to the Administrative Record is DENIED. Consistent with the parties' stipulation, Defendants' response to Plaintiffs' first set of discovery requests is due by March 12, 2018. All future discovery requests must be approved by the Court.

IT IS SO ORDERED.

DATED this 28th day of February, 2018.

/s/ Michael J. McShane\_\_\_\_\_
Michael J. McShane
United States District Judge

---

\*3 (D. Or. Mar. 20, 2012) (holding that failure to consult claims "arise[ ] under the citizen-suit provision of the ESA," but nevertheless finding that courts may review *less* than the whole record because such claims are governed by Section 706); *Nw. Envtl. Def. Ctr. V. U.S. Army Corps of Eng'rs,*, 817 F. Supp. 2d 1290, 1301 (D. Or. 2011) (holding, without discussing *Washington Toxics* or *Kraayenbrink*, that judicial review of a Biological Opinion is limited to the administrative record); *Olenec v. Nat'l Marine Fisheries Serv.*, 765 F. Supp. 2d 1277, 1284 (D. Or. 2011) (reviewing the administrative record without further discussion). The Court is not bound by those cases and respectfully declines to adopt their reasoning. *Starbuck v. City of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977) ("The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another.").